# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00440-CV

**Ryan Sissom, Appellant**

**v.**

**Soncia Reagins-Lilly, Andel Filis-Aime, Kathryn Goodwin, Debra R. Hansen, Kia Hill, Caleb Wong, Hisham Ali, and Laura B. Rich, in Their Official and Individual Capacities, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-007085, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2018, Ryan Sissom, acting pro se, sued Soncia Reagins-Lilly, Andel Filis-Aime, Kathryn Goodwin, Debra R. Hansen, Kia Hill, and Laura B. Rich (the UT Officials) and Caleb Wong and Hisham Ali (the UT Students)[1] for abuse of process following a charge of plagiarism with administrative sanctions imposed against Sissom and for wrongfully enjoining Sissom from registering for classes. In January 2019, the UT Officials filed a plea to the jurisdiction, which the trial court denied after a hearing. The UT Officials later filed an amended second plea to the jurisdiction, and the UT Students filed a motion to dismiss under the Texas Citizens Participation Act (TCPA). The trial court conducted a May 9 hearing on both motions, but Sissom did not appear at the hearing. In a May 9 order following the hearing, the trial court

---

[1] Wong and Ali were students appointed to serve on a student conduct board to hear an appeal by Sissom from the academic sanctions imposed for the alleged plagiarism.

granted the UT Officials' plea. And in a final May 16 order, the trial court granted the UT Students' TCPA motion. Sissom moved for new trials on both orders. On July 1, Sissom filed a notice of appeal from both orders and, acting pro se, raises eight issues on appeal.[2]

As a threshold matter, Sissom's appeal from the May 16 order dismissing the UT Students under the TCPA is accelerated, *see* Tex. Civ. Prac. & Rem. Code § 27.008(b); Tex. R. App. P. 28.1(a), with specific deadlines for the notice of appeal, *see* Tex. R. App. P. 26.1(b), .3, 28.1(b). On August 31, 2020, we required that Sissom respond within 10 days explaining how this Court may exercise jurisdiction over the TCPA portion of his appeal when his notice of appeal was not filed within the deadline for an accelerated appeal, *see In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (holding that untimely notice of appeal fails to invoke jurisdiction of court of appeals); *Connor v. Stephenson*, No. 03-18-00750-CV, 2018 WL 6816829, at *2 (Tex. App.— Austin Dec. 28, 2018, pet. denied) (mem. op.) (holding that reviewing court lacked appellate jurisdiction when notice of appeal was filed more than 35 days after TCPA order became final), and we notified him that failure to do so might result in the dismissal of this portion of his appeal. To date, Sissom has not responded, and we therefore dismiss that portion of his appeal and do not consider Sissom's second issue regarding the TCPA order or the other issues as they relate to the UT Students. *See* Tex. R. App. P. 42.1(a), (c).

Turning to Sissom's appeal from the May 9 order, Sissom complains in his first, third, fourth, and fifth issues about the trial court's proceeding with a hearing on the UT Officials' amended second plea to the jurisdiction when Sissom had filed a notice of vacation. On April 26, 2019, the UT Officials filed a notice of a May 9 hearing on their amended second

---

[2] "[P]ro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage." *Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet. h.) (mem. op.).

plea to the jurisdiction. On April 29, Sissom filed a notice of vacation, stating "due to pressing previous engagements, he will not be available for any scheduled hearings in this case between the dates of May 6, 2019 through May 21, 2019" and "ask[ing] that the Court coordinator and opposing counsel observe and respect his schedules." At the May 9 hearing, Sissom did not appear. The UT Officials offered and the trial court admitted into evidence the April 26 notice of hearing and notification of service on that date by e-filing.[3] In his motion for new trial, Sissom asserted that he "filed a Notice of Vacation into the record, in hopes of preventing [counsel for the UT Officials] from going to court and obtaining an order on a motion [presumably, the plea] which he did not have time to rebut"; that "[t]he Notice of Vacation precluded any hearings between May 6 and May 21, 2019"; and that he "was unaware that a hearing had been held." On appeal, he asserts that "[n]ormally a notice of vacation is filed by an attorney to notice the court that he will not be available for hearings during a certain time" and that proceeding with the hearing and considering the fact issue as to whether Sissom could attend the hearing was a violation of his due process rights. We disagree.

Sissom does not deny that he received the notice of the May 9 hearing, although he claims he was unaware that a hearing occurred. He appears to believe that his notice of vacation "precluded" the May 9 hearing from occurring, but he does not cite any authority for this proposition. As noted by the UT Officials, the Council of Judges of the Third Administrative Judicial Region have adopted Rules of Administration that address vacation notices filed in a district court within the region, including Travis County district courts. *See* Tex. Gov't Code § 74.048(c) (requiring council of judges to adopt regional rules of administration); Tex. R. Jud. Admin. 4(c) ("The Council of Judges shall adopt rules for the administration of the affairs of the

---

[3] The e-file "service contacts" listed two email addresses for Sissom.

district and statutory county courts within the administrative region[.]"). Rule 6 prohibits a case from being set for trial when an attorney has filed a vacation notice, but the notice "must be filed at least ninety (90) days in advance of each designated vacation week, and such a notice shall apply only to cases not already scheduled for trial." Third Admin. Jud. Region, R. Admin. 6A, B. To the extent that the May 9 hearing on the plea could be construed as a "trial," Sissom's vacation notice was not filed 90 days prior to the hearing and the hearing was already scheduled at the time Sissom filed the vacation notice. Rule 6 also provides that "[t]he court shall have discretion to consider a motion for continuance on the grounds of an attorney's vacation in appropriate circumstances not covered by subsections A and B of this rule." *Id.* R. 6C. To the extent that Sissom's notice of vacation could be construed as a motion for continuance, our rules require "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law" to grant a continuance. Tex. R. Civ. P. 251. Sissom did not file an affidavit with his notice of vacation and did not explain his "pressing previous engagement" such that it would constitute "sufficient cause" for a continuance. "[P]ro se litigants are not exempt from the rules of procedure," *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005), and "[w]hen a movant fails to comply with the affidavit requirement, reviewing courts generally presume the trial court did not abuse its discretion by denying the motion," *J.G. v. Texas Dep't of Fam. & Protective Servs.*, 592 S.W.3d 515, 521 (Tex. App.—Austin 2019, no pet.).[4] We therefore overrule Sissom's first, third, fourth, and fifth issues.

In his sixth issue, Sissom claims that "Judge Sulak commit[ted] error when he granted [the UT Officials'] Amended Plea to the Jurisdiction after Judge Gamble had denied the

---

[4] For the first time on appeal, Sissom states that he "had a final exam" on the hearing date. But he did not make such an assertion in his notice of vacation or in his motion for new trial, and he does not identify any evidence in the record of an exam on that date.

Plea to the Jurisdiction on January 11, 2019"; that this was "not only a violation of *res judicata*, but forum shopping"; and that "[n]othing in Texas jurisprudence allows an attorney, once an Order has issued on a particular subject, to ask for another judge's opinion in the same cause of action." However, "district courts are authorized to operate on central-docket systems" and "[p]ursuant to that authority, the Travis County District Courts have passed local rules permitting the operation of a rotating central-docket system" in which different judges may "hear[] various motions and sign[] orders throughout the proceeding." *Republic Cap. Grp., LLC v. Roberts*, No. 03-17-00481-CV, 2018 WL 5289573, at *1 (Tex. App.—Austin Oct. 25, 2018, no pet.) (mem. op.). And "a trial court has authority to reconsider its own rulings as long as it retains jurisdiction." *Garst v. Reagan*, No. 03-13-00243-CV, 2014 WL 902554, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.). Although res judicata "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit," *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992), here there was no "prior suit" addressing jurisdiction nor was the initial order denying the plea a final adjudication.[5] We overrule Sissom's sixth issue.

In his seventh issue, Sissom complains that the UT Officials violated local rules because the certificate of conference was either absent or deficient on the hearing notices. But to preserve error, the record must show that Sissom made the complaint to the trial court by a timely request, objection, or motion. *See* Tex. R. App. P. 33.1(a)(1); *In re B.L.D.*, 113 S.W.3d 340,

---

[5] Sissom may have intended to invoke issue preclusion instead of res judicata. But issue preclusion still involves resolution of issues in a prior suit. *See Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit.").

350 (Tex. 2003) (describing "[i]mportant prudential considerations [that] underscore our rules on preservation"). Because Sissom did not raise this complaint to the trial court, we overrule Sissom's seventh issue.

Sissom's eighth issue states, "Can anyone construe the violation Sissom is charged with to align with the facts?" Sissom's issue is not entirely clear, and Sissom neither addresses this issue in his argument section nor cites to any authorities or to the record as to this issue. *Cf.* Tex. R. App. P. 38.1 (requiring briefing to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Moreover, Sissom also notes in his appellate brief, "This appeal is not about the merits or the claims of the [sic] Sissom's case or his petition." We therefore overrule Sissom's eighth issue.

For these reasons, we dismiss the appeal in part and having overruled all other issues, we affirm in part.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed in Part; Dismissed in Part

Filed: June 30, 2021